# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC J. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1013-R |
| | ) | |
| GEO GROUP INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin entered August 8, 2014. Doc. No. 38. Plaintiff has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 43. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

## Background

Plaintiff, a state prisoner, brings an action under 42 U.S.C. § 1983. Doc. No. 1, at 1. Defendants move for summary judgment based partly on their contention that Plaintiff failed to exhaust administrative remedies. Doc. No. 28, at 3. On March 14, 2013, Plaintiff filed a Request to Staff ("RTS") requesting a refill on a prescription. S.R. Att. 7, Doc. No. 26-7. He received a response on March 19 stating: "Improperly submitted. Refer to OP 090124 prior to re-submission." *Id.* Plaintiff then submitted a grievance in which he again requested a prescription refill. S.R. Att. 8, Doc. No. 26-8. On March 29, the

1

grievance was returned to Plaintiff unanswered, stating: "Please write your request for your cream on an offender request." S.R. Att. 9, Doc. No. 26-9.

Plaintiff then submitted a grievance appeal complaining that the Reviewing Authority was not following the Offender Grievance Process ("OGP"). S.R. Att. 10, Doc. No. 26-10. On April 30, Plaintiff received a letter in response to his grievance appeal from Genese McCoy, the Medical Services Administrator. S.R. Att. 11, Doc. No. 26-11. In the letter, she informed Plaintiff that he had indeed followed the OGP when he submitted his March 14 RTS. *Id.* She then told Plaintiff the following: "I have contacted the correctional health services administrator at your facility, Robert Pine, and instructed him to amend the original response that was initially affixed to the 'Disposition' section of the form on March 19, 2013. Once you receive an amended response to your 'Request to Staff' form, you may proceed with the grievance process, in accordance with OP-090124." *Id.*

McCoy then sent a memorandum to Pine on April 30, directing him to amend the original March 19 RTS response and provide the amended response to Plaintiff within ten working days of receiving her memorandum. S.R. Att. 12, Doc. No. 26-12. It is undisputed that there is no record of Ford providing Plaintiff with an amended response. *See* S.R. Att. 13, Doc. No. 26-13. It is also undisputed that Plaintiff did not submit any additional paperwork complaining of Pine's failure to provide an amended response. *See id.*; Doc. No. 33, at 25.

Defendants argue that Plaintiff has not exhausted his administrative remedies because he did not file a grievance after not receiving the amended response to his RTS.

2

Doc. No. 28, at 4. They point to § IV(C)(7) of the OGP, which states that if a complainant does not receive a response to an RTS within thirty days, he may file a grievance regarding the lack of response. *Id.*; OP-090124 § IV(C)(7). Plaintiff argues that the Court should excuse his failure to exhaust administrative remedies because prison officials hindered his ability to do so. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." (citation omitted)). He contends that because Pine did not provide him with an amended response to his RTS, he could not proceed with the grievance process. Doc. No. 33, at 25.

## Analysis

The Court agrees with Plaintiff that he is excused from exhausting his administrative remedies. Defendants point to no provision in the OGP that explains the process complainants must follow in this particular case. Defendants refer to § IV(C)(7), but this provision applies, on its face, only when a complainant has not received an initial response to an RTS. In our case, Plaintiff did receive a response; he just did not receive an amended response as ordered by the Administrative Review Authority. The OGP addresses amended responses to a *grievance* in § VII(C), but does not mention amended responses to an RTS. Therefore, the Court must determine if requiring Plaintiff to take some action in response to his failure to receive an amended response is consistent with the OGP. After considering the OGP provisions, it is clear that problems arise with each step of the process if the Court required a complainant like Plaintiff to take such action.

3

### A. Initial Attempt & Request to Staff

The first step in the OGP is for the complainant to speak to an appropriate staff member about the issue. OP-090124 § IV(B). If Plaintiff had attempted to speak with a staff member about Pine's failure to provide an amended response, that may have resolved the issue. But the Court must assume that speaking to a staff member will not always work in every case, just as the OGP assumes. Thus, if Plaintiff had spoken to a staff member and the issue was not resolved, he would have to file an RTS, *see* OP-090124 § IV(C), which raises its own problems.

The OGP states that an RTS must "detail[] the issue/incident completely but briefly." *Id.* If the Court assumes "incident" refers to Plaintiff not receiving a prescription refill, this is inconsistent with another provision of the OGP. Because he had already submitted a proper RTS regarding this issue, he would run the risk of being put on a grievance restriction if he later filed a second RTS on this same matter. *See* OP-090124 § IX(A)(1)(c) (listing one type of abuse of process as "The repeated submitting of grievances or 'Requests to Staff' about an issue previously addressed by staff in their written response").

If, instead, the Court assumes "incident" refers to Plaintiff's failure to receive an amended response to his original RTS, Plaintiff would not have known his deadline for submitting a second RTS. A complainant must file an RTS "within seven calendar days of the incident." OP-090124 § IV(C)(3). Although the memorandum McCoy sent to Pine directed him to respond within ten working days of receiving the memorandum, S.R. Att. 12, Doc. No. 26-12, there is no record that Plaintiff was told to expect a response within

4

that time frame. The letter Plaintiff received from McCoy included no such deadline. *See* S.R. Att. 11, Doc. No. 26-11. Therefore, it would not have been reasonable to expect Plaintiff to submit an RTS regarding his prescription refill or the amended response to his original RTS.

### B. Offender Request

It would also not be appropriate for Plaintiff to file an Offender Request about the amended response. Such a form is used only for "issues that do not fall into the categories for filing a 'Request to Staff.'" OP-090124 § IV(D). The failure to provide an amended response fits within an RTS issue—namely, a complaint against staff. *See* OP-090124 § (IV)(A)(3). Therefore, Plaintiff would not have been able to submit an Offender Request for Pine's failure to provide an amended response.

### C. Grievance & Grievance Appeal

It would also be unreasonable to expect Plaintiff to file a grievance to address this issue. "Only one issue or incident is allowed per grievance." *See* OP-090124 § V(A)(4). If the "incident" is the need for a prescription refill, Plaintiff would again risk being put on a grievance restriction for filing multiple grievances regarding the same issue. *See* OP-090124 § IX(A)(1)(c). If, instead, the Court assumes that the "incident" is Pine's failure to provide Plaintiff with an amended response, this would require Plaintiff to initially file an RTS about this issue. *See* OP-090124 § IV ("The informal resolution process precedes submitting a grievance."). He would then face the deadline problem explained above. Plaintiff would be in the same position if he attempted to file a grievance appeal. *See* OP-090124 § VII(A) (noting that a complainant can file a grievance appeal only when

"appeal[ing] the reviewing authority's response to the grievance"). Consequently, Plaintiff would have been unable, consistent with the OGP, to file a grievance or a grievance appeal regarding his prescription refill or Pine's failure to provide him with an amended response.

## Conclusion

Plaintiff is excused from exhausting his administrative remedies. This particular scenario is outside the scope of the explicit provisions of the OGP, and there is no record of anyone instructing Plaintiff of the next step to take if he does not receive an amended response. Requiring Plaintiff to act in this situation would place him at risk of being put on a grievance restriction if prison officials determined that the action he took was not permitted by the OGP. *See* OP-090124 § IX(A)(1)(f) (listing one type of abuse of process as "writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance").

Accordingly, the Court excuses Plaintiff from exhausting his administrative remedies, and thus declines to adopt the Report and Recommendation of the Magistrate Judge. Because the Report and Recommendation did not address Defendants' alternative arguments in support of summary judgment, the Motion for Summary Judgment is remanded for further consideration consistent with this Order and this case is re-referred to Magistrate Judge Goodwin accordingly.

IT IS SO ORDERED this 30th day of September, 2014.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE