# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC J. FORD,  )
      Plaintiff,  )
v.  )    Case No. CIV-13-1013-R
GEO GROUP, INC., et al.,  )
      Defendants.  )

## ORDER

Plaintiff, a state prisoner appearing pro se, filed an amended complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Doc. No. 40. Before the Court is the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin in which he recommends granting Defendants' Amended Motion for Summary Judgment, denying Plaintiff's pending motions, and declining to exercise supplemental jurisdiction over Plaintiff's negligence claim. Doc. No. 62, at 27-28. Plaintiff has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. Nos. 63-64. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections. For the following reasons, the undersigned adopts Judge Goodwin's recommendations.

## Background

Plaintiff was diagnosed with atopic dermatitis, commonly referred to as eczema, in 2009. Doc. No. 40, at 2. A dermatology specialist told Plaintiff he should take

1

Triamcinolone Acetonide ointment three times per day. *Id.* In early 2013, Plaintiff saw Dr. King, who said he would renew his prescription for Triamcinolone. *Id.* at 4, 8. On March 6, 2013, Plaintiff saw Nurse Wood and told her, "I need to see the doctor because I did not receive Triamcinolone ointment for my eczema." Doc. No. 40, at 8-9. He then declined to show Nurse Wood where his skin problem was located and told her, "I only need to see the doctor to get my Triamcinolone." *Id.* at 9. Wood construed Plaintiff's actions as a refusal of treatment. *Id.*

On March 14, 2013, after still not receiving his prescription, Plaintiff filed a Request to Staff ("RTS") seeking a refill. Doc. No. 26, Attach. 7. He received a response on March 19 stating: "Improperly submitted. Refer to OP 090124 prior to re-submission." *Id.* Plaintiff then submitted a grievance in which he again requested a prescription refill. *Id.*, Attach. 8. On March 29, the grievance was returned to Plaintiff unanswered, stating: "Please write your request for your cream on an offender request." *Id.*, Attach. 9. Plaintiff then submitted a grievance appeal complaining that the Reviewing Authority was not following the Offender Grievance Process ("OGP"). *Id.*, Attach. 10. On April 30, Plaintiff received a letter in response to his grievance appeal from Genese McCoy, the Medical Services Administrator. *Id.*, Attach. 11. In the letter, McCoy informed Plaintiff that he had indeed followed the OGP when he submitted his March 14 RTS. *Id.* She then sent a memorandum to the Correctional Health Services Administrator, Defendant Robert Pine, directing him to amend the original March 19 RTS response and to provide the amended response to Plaintiff within ten working days of receiving her memorandum.

*Id.*, Attach. 12. It is undisputed that there is no record of Ford providing Plaintiff with this amended response. *See id.*, Attach. 13, ¶ 3; Doc. No. 57, ¶ 16.

In an Order entered September 30, 2014, the Court excused Plaintiff from exhausting his administrative remedies and remanded Defendants' Motion for Summary Judgment for further consideration consistent with that Order. Doc. No. 44, at 6. On October 7, 2014, Judge Goodwin granted Plaintiff's motion to amend his complaint. Order, Doc. No. 45. Defendants then filed an Amended Motion for Summary Judgment on November 26. Doc. No. 49. In his objection to the Report and Recommendation Plaintiff states he has dropped his § 1983 claim against Defendant GEO. Doc. No. 63, at 17. Accordingly, the Court reviews only the § 1983 claims against Defendants Pine and Rios.[1]

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine when a reasonable jury could find in favor of the nonmoving party on the issue." *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712 (10th Cir. 2014). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Id.* at 712-13.

The Court construes Plaintiff's filings liberally because he is a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can

---

[1] Plaintiff does not object to the Magistrate Judge's recommendation that the Court deny his pending motions and decline to exercise supplemental jurisdiction over his negligence claim.

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (footnote omitted). But the court will not advocate for the pro se litigant. *Id.*

## Analysis

### A. Defendant Pine

Plaintiff argues Defendant Pine's failure to send him an amended response to his March 14, 2013 RTS constitutes deliberate indifference to his medical needs in violation of the Eighth Amendment. Doc. No. 63, at 17-18. To succeed on a § 1983 claim, a plaintiff must allege and prove the personal participation of each defendant. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996). A prison official violates the Eighth Amendment's prohibition on cruel and unusual punishment if he is deliberately indifferent to an inmate's serious medical needs. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference" has both an objective and a subjective component. *Id.* The objective component is met if the deprivation is "sufficiently serious," that is, "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff has not produced sufficient evidence to create a genuine dispute with regard to the subjective component of deliberate indifference on the part of Defendant Pine. It is undisputed that there is no record of Pine providing Plaintiff an amended response to his March 14, 2013 RTS, even after being directed to do so by the Medical Services Administrator. Doc. No. 26, Attach. 11-13; Doc. No. 57, ¶ 16. But the memorandum to Pine did not provide any detail as to the content of Plaintiff's RTS. Doc. No. 26, Attach. 12. It merely told him that Plaintiff had submitted the RTS in accordance with prison policy and directed Pine to amend the original response and return it to Plaintiff within ten working days. *Id.* There is also no evidence Pine had seen the RTS itself. Plaintiff addressed the RTS to "Ms. Stouffer, LPN," and the staff member who initially responded to it was not Pine, but a staff member named "C. Danley." *Id.*, Attach. 7.

Even if Pine did have knowledge of Plaintiff's prescription refill request, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by [a] plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Although Plaintiff's RTS was not only deemed "improperly submitted," but Defendant Pine also did not comply with the order directing him to provide Plaintiff with an amended response, this fact does not establish any connection between Pine and the alleged violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. *See Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) (unpublished) ("Denial of a grievance or failure to properly investigate or process

grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim." (citations omitted)). Plaintiff's only allegations against Defendant Pine relate to the denial of his RTS. Accordingly, Plaintiff has failed to create a genuine dispute of material fact with regard to the personal participation required for his § 1983 claim against Pine. *See Gallagher*, 587 F.3d at 1069.

### B. Defendant Rios

Plaintiff argues Defendant Rios, the Warden of Lawton Correctional Facility, failed to "properly hire, train, supervise, direct or control the actions of subordinates (Dr. King, and Nurse Wood) who caused Plaintiff's suffering." Doc. No. 40, at 2; Doc. No. 63, at 14. To succeed on a § 1983 claim under the Eighth Amendment against a defendant-supervisor a plaintiff must satisfy three elements: "(1) personal involvement; (2) causation; and (3) state of mind." *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (citations omitted). The plaintiff must demonstrate that the supervisor knew of and disregarded an excessive risk to his health or safety, and must also show "an affirmative link between the constitutional deprivation and the supervisor's actions." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (citations omitted). "This requires more than a supervisor's mere knowledge of his subordinate's conduct." *Estate of Booker*, 745 F.3d at 435 (citation and internal quotation marks omitted).

Plaintiff contends Rios "knew 'or should have known of the misconduct, and yet failed to act to prevent future harm.'" Doc. No. 63, at 16 (quoting *McClelland v. Facteau*,

6

610 F.2d 693, 697 (10th Cir. 1979)).[2] He does not point to any evidence of Rios' personal involvement in the alleged constitutional violations, or to any evidence suggesting Rios was aware of Plaintiff's request for a prescription refill. And even if Rios "should have known" about the alleged violations, that is insufficient to establish liability under § 1983. *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). "The Supreme Court has made it clear that liability under § 1983 must be predicated upon a '*deliberate*' deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence." *Id.* (citations omitted). Absent evidence of "personal direction or of actual knowledge and acquiescence" on the part of Defendant Rios, *id.* at 1400, Plaintiff has not created a genuine dispute of material fact on this claim.

## Conclusion

In accordance with the foregoing, the recommendations of the Magistrate Judge outlined in the Report and Recommendation, Doc. No. 62, are ADOPTED for the reasons stated herein. Defendants' Amended Motion for Summary Judgment, Doc. No. 49, is GRANTED with regard to Defendants Pine and Rios. Plaintiff's pending motions, Doc. Nos. 54, 59, are DENIED, and the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim.

IT IS SO ORDERED this 27th day of August, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] *McClelland* "provided an early statement of the personal participation requirement later refined in *Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)." *Tesoro v. Zavaras*, 46 F. Supp. 2d 1118, 1124 n.10 (D. Colo. 1999).